IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul L. Phelps, Jerry H. Gilstrap, Jerry W. Cuddy, Gerald W. Lyda, Nina Posey, Thomas R. Williams, Alvin A. Stiwinter, Troy J. Cottrell, Thomas L. Carolson, Robert W. Carter, Wayne F. McWhorter, Rodney K. Deanhardt, Sr., Melvin M. Brock, Edward J. Cooley, Charles A. Furr, Francis C. Aiken, Elizabeth Audrey Loredo, Jimmy S. Staton, Norman Davis, Eugene M. Krenek, Richard N. Ryder, II, and Katherine D. Lackey,<br><br>                Plaintiffs,<br><br>vs.<br><br>Cliff Theisen, C.T. Enterprises, Inc., Saco Lowell, Inc., Tom Pomian, Mike Templeton, and Branch Banking and Trust of South Carolina,<br><br>                Defendants. | CA No. 6:02-3739-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on the parties'[1] motions to reconsider the court's August 10, 2005, opinion and order ("August Order") denying Plaintiffs' motion for summary judgment and granting in part and denying in part Defendants' motion for summary judgment. Plaintiffs responded to Defendants' motion on August 21, 2005, and Defendants responded to

---

[1] On June 11, 2003, Branch Banking and Trust of South Carolina ("BB&T") was voluntarily dismissed. On April 15, 2005, Cliff Theisen, Tom Pomian, and Mike Templeton were dismissed with prejudice. Therefore, only C.T. Enterprises, Inc. and Saco Lowell, Inc. remain as defendants in the case.

1

Plaintiffs' motion on August 23, 2005. For the reasons provided below, the court denies Plaintiffs' and grants Defendants' motion to reconsider the August Order and hereby grants summary judgment in favor of Defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A full discussion of the facts and procedural history pertinent to this case is set forth in the Introduction and Part I of the August Order.

## II. DISCUSSION OF THE LAW

### A. Plaintiffs' Claims that Defendants Breached Their Fiduciary Duties By Failing to Remit Employee Contributions to the Plan in an Appropriate and Timely Manner and to Disclose Their Failure to Remit to Plan Participants

Defendants and Plaintiffs move the court to reconsider the August Order denying summary judgment as to Plaintiffs' claims that Defendants breached their fiduciary duties by failing to remit employee contributions to the Plan in an appropriate and timely manner and to disclose their failure to remit to Plan participants. In the August Order, the court found that a disputed issue of material fact remained regarding whether the Group Health Benefits Plan ("Plan") governed by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C.A. §§ 1001 et seq. (West 1999 & Supp. 2005), was subject to the trust requirements under 29 U.S.C.A. § 1103(a) (West 1999). That is, the record was unclear whether the Plan was a "cafeteria plan" under 26 U.S.C.A. § 125 (Supp. 2005) and exempt from the statutory requirement that employee contributions be held in trust under § 1103(a). Because the court could not determine whether the Plan was subject to the trust requirements under § 1103, the court could not determine whether Defendants' alleged failure to remit employee contributions

to the Plan in an appropriate and timely manner or to disclose such fact to Plan participants violated ERISA or resulted in any loss to Plaintiffs.

Plaintiffs now concede that the Plan is a cafeteria plan under § 125 and, therefore, exempt from the trust requirements set forth under § 1103. (Pls.' Mem. Supp. Recons. 2 & n.1.) Plaintiffs argue instead that Defendants were obligated under the terms of the Plan to use employee contributions "in funding the cost of the Plan as soon as practicable after they [were] . . . withheld from the Employee's pay through payroll deduction." (Id. Ex. 1 (Plan document) 71.) Plaintiffs contend that Defendants violated this provision of the Plan and that they are entitled to judgment as a matter of law on this ground.

Defendants also submit evidence demonstrating that the Plan is a cafeteria plan exempt from the trust requirements under § 1103. (Defs.' Mem. Supp. Recons. Ex. B (Cafeteria Plan) §§ 1.10, 1.11, 1.17, 2.1, 2.3, 4.4., and 4.7.) Under ERISA and the Plan, Defendants argue that they are entitled to judgment as a matter of law as to Plaintiffs' claims. Defendants assert that it is undisputed employee contributions were not required to be held in trust under ERISA or the Plan. Further, Defendants contend that it is undisputed employee contributions were remitted to the Plan no later than ninety days from each payroll period in compliance with 29 C.F.R. § 2510.3-102(c). To this end, Defendants argue that Plaintiffs suffered no damages from Defendants' delay in remitting the funds. (Defs.' Resp. Pls.' Mem. Supp. Recons. 10.)

### 1. Defendants' Motion to Reconsider

Rule 60(b) allows a party to obtain relief from a final judgment for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The court grants Defendants' motion to reconsider the August Order denying summary judgment as to

3

Plaintiffs' claims that Defendants breached their fiduciary duties by failing to remit employee contributions to the Plan in an appropriate and timely manner and to disclose their failure to remit to Plan participants. The court therefore grants summary judgment in favor of Defendants as to these claims for the reasons set forth below and those provided in the August Order.[2]

Based on the undisputed facts, the Plan received all employee contributions within ninety days of any payroll period. (Op. 14 & n.2.) Because the Plan was exempt from the trust requirements of ERISA, neither the Plan nor Plaintiffs were entitled to any interest that would have accrued on employee contributions between a payroll period and the submission of those contributions to the Plan for payment of claims. Thus, any violation of the Plan provision requiring employee contributions to be remitted to the Plan "as soon as practicable" failed to cause any loss to the Plan or its participants.

In addition, assuming without deciding that Defendants failed to timely remit employee contributions to the Plan "as soon as practicable," Defendants' failure to disclose this fact to Plan participants does not breach any fiduciary duty under ERISA "to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary needs to know for his protection." Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 380 (4th Cir. 2001) (internal quotation marks omitted). Because Defendants' alleged failure to timely remit employee contributions caused no loss to the Plan or its participants,

---

[2]In granting summary judgment in favor of Defendants, the court applies the applicable legal standard fully set forth in the August Order. See Fed. R. Civ. P. 56(c).

Defendants' alleged failure was not a material fact that Plaintiffs needed to know for their protection.

### 2. Plaintiffs' Motion to Reconsider

Plaintiffs also move, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider the portion of the August Order ruling that "to the extent . . . Plaintiffs seek a monetary judgment in the amount of their unpaid medical claims and dental claims, . . . [s]uch relief is unavailable to Plaintiffs under ERISA." (Op. 21 (Part II.B.3).)

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted).

Plaintiffs fail to present any argument establishing that reconsideration is necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice," Hutchinson, 994 F.2d at 1081. Plaintiffs' motion to reconsider this portion of the August Order is therefore denied.

5

### B.  Plaintiffs' Claim that Defendants Breached Their Fiduciary Duty by
### Failing to Disclose that the Plan was Insolvent

Plaintiffs next move pursuant to Rule 59(e) to reconsider the August Order granting summary judgment in favor of Defendants as to Plaintiffs' claim that Defendants breached their fiduciary duty by failing to disclose that the Plan was insolvent.

In the August Order, the court ruled that "[t]here is no evidence . . . Defendants' disclosure of information to the employees regarding the Plan's insolvency was either deficient or misleading in any way."  (Op. 20.)  Plaintiffs contend that the court overlooked the "Advice of Deposit" statements distributed by Defendants to employees on each pay day indicating the amount withheld for contribution to the Plan.  Plaintiffs argue that this evidence suggests Defendants' disclosure as to the Plan's insolvency was both deficient and misleading.  (Pls.' Mem. Supp. Recons. 18.)

The court finds this argument unpersuasive.  No reasonable inference may be drawn from the Advice of Deposit statements that Defendants misled employees as to the Plan's insolvency.  The Advice of Deposit statements show that Defendants withheld employee contributions for payment to the Plan, which Defendants paid to the Plan within ninety days from any payroll period.  (Op. 14 & n.2.)  The Advice of Deposit statements do not address whether the Plan was funded to any extent beyond the employee contributions and, therefore, have no bearing on whether the Plan was insolvent.

Plaintiffs also argue that Defendants' disclosure regarding the Plan's termination was misleading.  Plaintiffs raised this issue before the court in their November 24, 2003, motion for summary judgment.  To the extent this argument is not waived for failure to raise it in

6

Plaintiffs' motion for summary judgment filed on May 23, 2005, the court finds this argument without merit. The undisputed facts demonstrate that when Defendants decided to terminate the Plan because of mounting economic pressure, Defendants notified all Plan participants "not later than 60 days after the date of adoption of the modification or change" in compliance with their duty under ERISA. 29 C.F.R. § 2520.104b-3 (2005). Furthermore, nothing in the November 21, 2000, notice sent by Defendants regarding the termination of coverage and benefits under the Plan suggests that participants' claims properly filed before the Plan's termination date would be paid by the Plan. (Pls.' Mem. Supp. Summ. J. Ex. 31.)

For these reasons and those stated in the August Order, the court denies Plaintiffs' motion for reconsideration of the August Order granting summary judgment in favor of Defendants as to Plaintiffs' claim that Defendants breached their fiduciary duty by failing to disclose that the Plan was insolvent.

Therefore, it is

**ORDERED** that Plaintiffs' motion for reconsideration, Document number 105, is denied. It is further

**ORDERED** that Defendants' motion for reconsideration, Document number 106, is granted on the grounds discussed in this order. It is further

**ORDERED** that summary judgment is granted in favor of Defendants.

**IT IS SO ORDERED.**

                                          s/ Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
August 29, 2005