IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul L. Phelps, Jerry H. Gilstrap, Jerry W. Cuddy, Gerald W. Lyda, Nina Posey, Thomas R. Williams, Alvin A. Stiwinter, Troy J. Cottrell, Thomas L. Carolson, Robert W. Carter, Wayne F. McWhorter, Rodney K. Deanhardt, Sr., Melvin M. Brock, Edward J. Cooley, Charles A. Furr, Francis C. Aiken, Elizabeth Audrey Loredo, Jimmy S. Staton, Norman Davis, Eugene M. Krenek, Richard N. Ryder, II, and Katherine D. Lackey,<br><br>             Plaintiffs,<br><br>vs.<br><br>Cliff Theisen, C.T. Enterprises, Inc., Saco Lowell, Inc., Tom Pomian, Mike Templeton, and Branch Banking and Trust of South Carolina,<br><br>             Defendants. | C.A. No. 6:02-3739-HMH<br><br>**OPINION & ORDER** |

      This matter is before the court on C.T. Enterprises, Inc. ("C.T.") and Saco Lowell, Inc.'s ("Saco Lowell") (collectively "Defendants")[1] motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g) (West 1999). The Defendants seek to recover Nine Thousand One Hundred Ninety-five Dollars ($9,195.00) in attorneys' fees incurred "in connection with the

---

[1] On June 11, 2003, Branch Banking and Trust of South Carolina was voluntarily dismissed. On April 15, 2005, Cliff Theisen, Tom Pomian, and Mike Templeton were dismissed with prejudice. Therefore, only C.T. Enterprises, Inc. and Saco Lowell, Inc. remain as Defendants in the case.

1

preparation and submission of [Plaintiffs'] [m]otion for [r]econsideration of [p]ortions of the [c]ourt's August 10, 2005, [o]pinion and [o]rder." (Defs.' Mem. Supp. Mot. Attorneys' Fees 1-2.)  After consideration, the Defendants' motion for attorneys' fees is denied.

Under ERISA,[2] a court can award "a reasonable attorneys' fee and costs of [an] action to either party."  29 U.S.C. § 1132(g)(1).  There are five factors a district court must consider in determining whether to award fees and costs in an ERISA suit.  They are:

> (1) degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993).  These five factors "provide[] general guidelines for the district court in determining whether to grant a request for attorneys' fees."  Id.  "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section [1132(g)]."  Id. (internal quotations marks omitted).  A decision to award attorneys' fees is in the sole discretion of the district court.  See id. at 1028.

The court has applied the five factors set forth in Quesinberry and declines to award attorneys' fees in this case.  Specifically, the court finds Plaintiffs did not act in bad faith, Plaintiffs do not have the ability to satisfy an award of attorneys' fees, an award of attorneys'

---

[2] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

2

fees would not deter other parties in similar circumstances, and the Defendants were not seeking to benefit all participants and beneficiaries of an ERISA plan. See id. at 1029. In addition, the court has considered the relative merits of the parties' positions. See id.

Therefore, it is

**ORDERED** that the Defendants' motion for attorney's fees, document no. 116, is denied.

**IT IS SO ORDERED**.

> s/ Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
October 13, 2005